Florindo PABLO–BAUTISTA, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–70256.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008 [*].

Filed Sept. 5, 2008.

Douglas D. Nelson, Esq., San Diego, CA, for Petitioner.

CAS–District Direct, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Minick, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., David J. Stander, U.S. Dept. of Justice–Criminal Division, Organized Crime & Racketeering Section, Washington, DC, for Respondent.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**560**

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM [**]

Florindo Pablo–Bautista, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts and affirms the IJ's decision while adding its own reasons, we review both decisions. *See Nuru v. Gonzales,* 404 F.3d 1207, 1215 (9th Cir.2005). We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

The record does not compel the conclusion that Pablo–Bautista has shown extraordinary circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *see also Ramadan v. Gonzales,* 479 F.3d 646, 657 (9th Cir.2007) (per curiam). Accordingly, we deny the petition as to Pablo–Bautista's asylum claim.[1]

Substantial evidence supports the agency's denial of withholding of removal because Pablo–Bautista failed to establish either past persecution or a clear probability of persecution on account of a protected ground. *See Molina–Estrada v. INS,* 293

F.3d 1089, 1094–95 (9th Cir.2002). Pablo–Bautista's experiences do not compel the conclusion that he has established a pattern of persecution based on his family membership. *See Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991). Moreover, Pablo–Bautista failed to establish a nexus to an imputed political opinion, because he did not show his alleged persecutors knew or assumed he held a particular political belief. *See Molina–Estrada,* 293 F.3d at 1094–95; *Cruz–Navarro v. INS,* 232 F.3d 1024, 1030 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[1.] Because Pablo–Bautista is ineligible for asylum, we do not review his contention that he is entitled to humanitarian asylum.

